IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case No. 3:15-CR-067 |
| v. | : | JUDGE WALTER H. RICE |
| ADRIAN PIEDRA CORDOBA, | : | |
| Defendant. | : | |

---

DECISION AND ENTRY OVERRULING DEFENDANT'S MOTION TO
DISMISS THE INDICTMENT (DOC. #13)

---

Defendant, Adrian Piedra Cordoba, has moved to dismiss his indictment on charges that he, an illegal alien, knowingly possessed ammunition, in violation of 18 U.S.C. §§ 922(g)(5)(A) and 924(a)(2).  He argues that § 922(g)(5)(A) is unconstitutional because it conflicts with his right to bear arms, as guaranteed by the Second Amendment to the United States Constitution, and violates his Fifth Amendment rights to substantive due process and equal protection.  The Court rejects these arguments and overrules Defendant's motion.

I.      **Second Amendment**

The Second Amendment provides that "the right of the people to keep and bear Arms, shall not be infringed."  U.S. Const. amend. 2.  In *District of Columbia v. Heller*, 554 U.S. 570, 595 (2008), the Supreme Court recognized that the

Second Amendment confers "an individual right to keep and bear arms." Citing *United States v. Verdugo-Urquidez*, 494 U.S. 259, 265 (1990), Cordoba maintains that the right to bear arms extends to all people who "have developed sufficient connection with this country" to be considered part of the "national community," including illegal aliens. The Court disagrees.

Numerous circuit courts have rejected this same argument, concluding that illegal aliens are not included within the scope of the Second Amendment. *See United States v. Carpio-Leon*, 701 F.3d 974, 979 (4th Cir. 2012) ("illegal aliens do not belong to the class of law-abiding members of the political community to whom the Second Amendment gives protection"); *United States v. Portillo-Munoz*, 643 F.3d 437, 442 (5th Cir. 2011) ("the phrase 'the people' in the Second Amendment of the Constitution does not include aliens illegally in the United States"); *United States v. Flores*, 663 F.3d 1022, 1023 (8th Cir. 2011) ("the protections of the Second Amendment do not extend to aliens illegally present in this country").[1]

_____

[1] The Sixth Circuit has not yet addressed this issue. However, in *Tyler v. Hillsdale County Sheriff's Department*, 775 F.3d 308, 336 (6th Cir. 2014), *r'hrg en banc granted, opinion vacated*, 2015 U.S. App. LEXIS 6638 (Apr. 21, 2015), the court addressed the question of whether 18 U.S.C. § 922(g)(4), prohibiting possession of firearms by anyone who has been committed to a mental institution, violates the Second Amendment. It held that, although it was not clear whether these individuals fell within the protections of the Second Amendment in a historical sense, the prohibition did not survive strict scrutiny analysis because it was not narrowly tailored to achieve its interests.

Given that *Tyler* dealt with a different subsection of § 922, and has since been vacated, it is not dispositive. Nevertheless, it is worth noting that the panel

2

The government cites to numerous district court decisions that have likewise held that the Second Amendment's right to bear arms does not extend to illegal aliens. *See, e.g.*, *United States v. Luviano-Vega*, No. 5:10-cr-184, 2010 WL 3732137 (E.D.N.C. Sept. 20, 2010); *United States v. Martinez-Guillen*, No. 2:10cr192, 2011 WL 588350 (M.D. Ala. Jan. 12, 2011); *United States v. Lewis*, No. 1:10-cr-007, 2010 WL 3370754 (N.D. Ga. May 26, 2010); *United States v. Yanez-Vasquez*, No. 09-40056-01, 2010 U.S. Dist. LEXIS 8166 (D. Kan. Jan. 28, 2010); *United States v. Boffil-Rivera*, No. 08-20437-cr, 2008 U.S. Dist. LEXIS 84633 (S.D. Fla. Aug. 12, 2008); *United States v. Meza*, No. 13-cr-192, 2014 WL 1406301 (E.D. Wis. Apr. 11, 2014).

In *United States v. Meza-Rodriguez*, 798 F.3d 664 (7th Cir. 2015), the Seventh Circuit recently held that, although illegal aliens *are* included in the scope of the Second Amendment, § 922(g)(5) nevertheless survives intermediate scrutiny because "the government has a strong interest in preventing people who already have disrespected the law . . . from possessing guns." *Id.* at 672-73. Cordoba urges this Court to follow the lead of *Meza-Rodriguez* and hold that the Second Amendment applies to illegal aliens. However, citing the Sixth Circuit's holding in

---

distinguished § 922(g)(4) from several other sub-sections of the statute, including § 922(g)(5)(A). It noted that "[s]everal courts of appeals have upheld § 922(g)(5)(A), forbidding possession of firearms by illegal aliens." *Id.* at 336. The panel further stated that, "[i]n light of *Heller's* characterization of the right at issue as one of 'law-abiding, responsible citizens' and case law permitting Congress to distinguish among citizens, aliens, and illegal aliens, *these holdings are not difficult*." *Id.* (emphasis added).

3

*Tyler*, 775 F.3d at 328-29, *r'hrg en banc granted, opinion vacated*, 2015 U.S. App. LEXIS 6638 (Apr. 21, 2015), he urges the court to apply a strict scrutiny analysis and strike down the statute.

Based on the reasoning set forth in *Carpio-Leon*, *Portillo-Munoz* and *Flores*, and the myriad of district court cases cited above, this Court finds that illegal aliens do not fall within the scope of "people" guaranteed the right to bear arms by Second Amendment. Accordingly, the Court does not reach the question of what level of scrutiny should be applied. *See Carpio-Leon*, 701 F.3d at 982.

## II. Fifth Amendment

Cordoba also argues that § 922(g)(5)(A) violates his Fifth Amendment rights to due process and equal protection of the laws. There is no doubt that the Fifth Amendment, which provides that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law," applies to illegal aliens. *See Mathews v. Diaz*, 426 U.S. 67, 77 (1976). Nevertheless, Cordoba's claims fail on the merits.

### A. Substantive Due Process

Quoting *McDonald v. Chicago*, 561 U.S. 742, 767 (2010), Cordoba argues that the "right to keep and bear arms is incorporated in the concept of due process" and is a fundamental right. Nevertheless, as the Fifth Circuit noted in *Portillo-Munoz*, because "the Second Amendment explicitly provides for a constitutional right to bear arms," one "cannot look to the due process clause as an additional source of protection for a right to keep and bear arms." 643 F.3d at

4

442 n.4 (citing *Graham v. Connor*, 490 U.S. 386 (1989)). Therefore, the substantive due process clause provides no broader protection to illegal aliens than does the Second Amendment.

    **B.**    **Equal Protection**

Cordoba's equal protection claim also fails on the merits. As noted in *United States v. Huitron-Guizar*, 678 F.3d 1164 (10th Cir. 2012), "statutes that classify based on alienage need only a rational basis," and "Congress may make rules as to aliens that would be unacceptable if applied to citizens." *Id.* at 1167 (citing *Diaz*, 426 U.S. at 81, and *Demore v. Kim*, 538 U.S. 510, 522 (2003)).

There is a rational relationship between prohibiting illegal aliens from possessing firearms and the government's legitimate interest in public safety and crime prevention. Not only are illegal aliens "harder to trace and more likely to assume a false identity," but "Congress may have concluded that those who show a willingness to defy our law are candidates for further misfeasance or at least a group that ought not be armed when authorities seek them." *See Carpio-Leon*, 701 F.3d at 982-83 (quoting *Huitron-Guizar*, 678 F.3d at 1170).

**III.**    **Conclusion**

For the reasons set forth above, the Court OVERRULES Defendant's Motion to Dismiss the Indictment, Doc. #13.

Date: October 30, 2015

                                                              /s/ Walter H. Rice
WALTER H. RICE
UNITED STATES DISTRICT JUDGE