# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

|  |  |  |  |
|---|---|---|---|
| | Plaintiff, | : | Case No. 3:15-cr-067 |
| | | | Also Case No. 3:16-cv-334 |
| | | | |
| | | | District Judge Walter Herbert Rice |
| - vs - | | | Magistrate Judge Michael R. Merz |

ADRAIN PIEDRA CORDOBA,

|  |  |  |
|---|---|---|
| | Defendant. | : |

---

# REPORT AND RECOMMENDATIONS

---

This case is before the Court on Defendant Cordoba's Motion to Vacate under 28 U.S.C.

§ 2255 (ECF No. 29). As with all post-judgment collateral attacks on criminal judgments filed at

the Dayton seat of court, it has been referred to the undersigned by the Dayton General Order of

Assignment and Reference (General Order Day 13-01).

The Motion is before the Court for initial review pursuant to Rule 4(b) of the Rules

Governing § 2255 Proceedings which provides:

> The judge who receives the motion must promptly examine it. If it
> plainly appears from the motion, any attached exhibits, and the
> record of prior proceedings that the moving party is not entitled to
> relief, the judge must dismiss the motion and direct the clerk to
> notify the moving party. If the motion is not dismissed, the judge
> must order the United States to file an answer, motion, or other

1

response within a fixed time, or take other action the judge may
order.

Cordoba pleads one ground for relief:  "Counsel failed to discuss fully the immigration consequences of Petitioner's plea as required by *Padilla v. Kentucky*, 559 U.S. 356 [(2010)]." The § 2255 Motion was filed by Attorney George Katschmer as Cordoba's counsel and is supported by Cordoba's Affidavit which avers that

> (1) Cordoba was represented by Assistant Federal Public Defender F. Arthur Mullins in this case;
>
> (2) Mullins never discussed "the full immigration consequences of my plea but told me I had to plead;"
>
> (3) Cordoba had a defense to his charges and wanted to go forward with the case;
>
> (4) Cordoba is now in mandatory detention with ICE [Immigration and Customs Enforcement] and in deportation proceedings;
>
> (5) Mullins never discussed trial strategy with Cordoba and only wanted to talk about a plea;
>
> (6) "Had my attorney told me I would face mandatory detention and deportation, I would not have pled guilty."

(Motion, ECF No. 29, PageID 107.)

## Procedural History

The grand jury for this District indicted Mr. Cordoba on May 28, 2015, charging him with knowingly possessing ten live rounds of .40 caliber Federal bullets in and affecting

2

interstate commerce while being "an alien illegally and unlawfully in the United States" in violation of 18 U.S.C. §§ 922(g)(5)(A) and 924(a)(2) (Indictment, ECF No. 9). Mr. Mullins had been appointed at the time of initial appearance (Minute Entry for May 11, 2015).

Having lost his Motion to Dismiss on Second Amendment grounds, Cordoba pled no contest on November 2, 2015 (Minute Entry). Judge Rice ordered the preparation of a Presentence Investigation Report ("PSR"). After reviewing the PSR, Cordoba had no objections (Minute Entry for February 2, 2016). Judge Rice adopted the PSR and sentenced Cordoba to ten months' imprisonment on March 16, 2016 (ECF No. 25).

Cordoba filed the instant § 2255 Motion on August 10, 2016 (ECF No. 29). Five days later he filed a Motion for Temporary Restraining Order (ECF No. 30) which Judge Rice has granted by notation order. The filing of the § 2255 Motion should have triggered an automatic referral to the undersigned, but the Clerk did not add the reference to the docket until August 22, 2016.

# Analysis

Defendant pleads one ground for relief, ineffective assistance of trial counsel. He claims that his attorney did not discuss with him the full immigration implications of a no contest plea, in violation of his Sixth Amendment rights, particularly as recognized in *Padilla v. Kentucky*, 559 U.S. 356 (2010). Applying the standard for ineffective assistance of trial counsel derived from *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court held in *Padilla* that it is ineffective assistance of trial counsel to fail to advise a defendant of the deportation or removal consequence which will probably flow from a conviction.

The Court has caused to be prepared and filed a Transcript of the plea colloquy proceedings held November 2, 2015 (Transcript, ECF No. 31, hereafter cited as "Tr. ECF No. 31, PageID ___). In those proceedings, Mr. Cordoba was present in open court with Mr. Mullins and with Spanish language interpreter Marina Camacho (Tr. ECF. No. 31, PageID 118). Mr. Cordoba was sworn to answer Judge Rice's questions truthfully. *Id.* at PageID 122. Judge Rice explained that if Cordoba's no contest plea were accepted, he would not have a chance to say anything and his guilt or innocence would be determined by what the Assistant United States Attorney said. *Id.* at PageID 126-27. The Judge noted the "inevitable result" would be a finding of guilty. *Id.* The Judge explained that the case would be sent to the Probation Department for a Presentence Investigation Report ("PSR") and that if, in light of the PSR the Judge was able to impose a sentence of twelve months or less, he would do so. *Id.* at PageID 128. If the Judge decided the sentence had to be more than that, Cordoba could withdraw his plea and go to trial. *Id.* at PageID 128-29. Cordoba acknowledged Mr. Mullins had told him the same things. *Id.* at PageID 129. Then the following colloquy occurred:

> Q. And do you understand that there is a possibility, a probability, that as a result of a finding of guilty, even though you've not admitted anything that you will be deported to your home in Costa Rica. Do you understand?
>
> A. Yes, your Honor.
>
> Q. Do you understand that I cannot control what the immigration people will do in your case. Do you understand?
>
> A. Yes, your Honor.
>
> Q. Do you understand after you've finished whatever sentence I impose, that it is strictly up to ICE, the immigration people, to decide whether you are deported or not. Do you understand?

> A. Yes, your Honor
> .
> Q. Has anyone told you that the immigration people are obligated, bound to follow what I do or what I recommend?
>
> A. No, your Honor.
>
> Q. Has anyone told you that pleading no contest today would guarantee that you wouldn't be deported?
>
> A. No, your Honor.

*Id.* at PageID 130-31.

Shortly after that, Judge Rice turned to what advice Mr. Mullins had given Mr. Cordoba. Cordoba acknowledged that Mullins had told him he had the choice to go to trial and no one could force him to choose to plead. *Id.* at 134-35. Judge Rice then went over the rights Cordoba was waiving by pleading no contest, including the right to a trial. *Id.* at PageID 136-39. He reminded Cordoba that a plea of no contest could bring about his deportation. *Id.* at PageID 143. Cordoba answered that Mullins had not told him anything different from what Judge Rice had told him. Cordoba also admitted that no one had forced or threatened him with anything to get him plea no contest. *Id.* at PageID 146. No one had told him he would not be deported. *Id.* at PageID 147.

A plea of guilty or no contest is valid if, but only if, it is entered voluntarily and intelligently, as determined by the totality of the circumstances. *Brady v. United States*, 397 U.S. 742, 748 (1970); *Boykin v. Alabama*, 395 U.S. 238, 242-44 (1969); *King v. Dutton*, 17 F.3d 151 (6th Cir. 1994); *Riggins v. McMackin*, 935 F.2d 790, 795 (6th Cir. 1991); *Berry v. Mintzes*, 726 F.2d 1142, 1146 (6th Cir. 1984). The determination of whether this plea was intelligently made depends upon the particular facts and circumstances of each case. *Johnson v. Zerbst*, 304 U.S. 458, 463 (1938); *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993).

> A plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e. g. bribes).

*Brady v. United States*, 397 U.S. 742, 755 (1970).  In order for a guilty plea to be constitutional it must be knowing, intelligent, voluntary, and done with sufficient awareness of the relevant circumstances and likely consequences. *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). The identical standard applies to a plea of no contest or nolo contendere. *See Fautenberry v. Mitchell*, 515 F.3d 614, 636–37 (6th Cir. 2008).  The defendant must also be aware of the maximum sentence that can be imposed for the crime for which he is pleading. *King v. Dutton*, 17 F.3d 151, 154 (6th Cir. 1994). The voluntariness of a guilty or no contest plea is determined in light of all relevant circumstances surrounding the plea. *Brady*, 397 U.S. at 749. If a prosecutor's promise is illusory, then a plea is involuntary and unknowing. *United States v. Randolph*, 230 F.3d 243, 250–51 (6th Cir. 2000). However, where a defendant is "fully aware of the likely consequences" of a plea, it is not unfair to expect him to live with those consequences. *Mabry v. Johnson*, 467 U.S. 504, 511 (1984).  A plea-proceeding transcript which suggests that a guilty or no contest plea was made voluntarily and knowingly creates a "heavy burden" for a petitioner seeking to overturn his plea.  *Garcia v. Johnson*, 991 F.2d 324, 326–28 (6th Cir. 1993).

The governing standard for ineffective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components.  First, the defendant must show that counsel's

> performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Id*. at 687. In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice. *Berghuis v. Thompkins*, 560 U.S. 370, 389 (2010), *citing Knowles v. Mirzayance*, 556 U.S. 111 (2009).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

*Id*. at 694. *See also Darden v. Wainwright*, 477 U.S. 168 (1986); *Wong v. Money*, 142 F.3d 313, 319 (6th Cir. 1998); *Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir. 1987). *See generally* Annotation, 26 ALR Fed 218.

The thorough plea colloquy conducted by Judge Rice is fatal to Mr. Cordoba's § 2255

Motion. Even if the Magistrate Judge were to assume that both Mr. Cordoba and Mr. Mullins lied to the Court when they said that the deportation possibility had been discussed between them, the probability of deportation was made known to Mr. Cordoba by Judge Rice. It is likewise clear from the plea colloquy that Mr. Cordoba knew he was giving up the right to present whatever defense he believed he had.[1] And it is not as if the ICE detainer is something that was sprung on Mr. Cordoba after his plea and sentence. Rather, the PSR shows that detainer was placed April 21, 2015. Cordoba also gave a written statement to the probation officer in which he admitted that his possession of the bullets was intentional. PSR ¶ 13.

**Conclusion**

In sum, even if Mr. Mullins did not discuss all the immigration effects of the no contest plea, Judge Rice did, and Mr. Cordoba pled no contest after hearing and understanding that discussion. The instant § 2255 Motion should therefore be DISMISSED WITH PREJUDICE. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

August 31, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

---

[1] Although Mr. Cordoba claims in his Affidavit that he had a defense, he does not tell the Court what it was or give the Court any opportunity to assess whether it was likely to have succeeded.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).