# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

        Plaintiff,   :   Case No. 3:15-cr-067
                                           Also Case No. 3:16-cv-334

                                           District Judge Walter Herbert Rice
- vs -                                Magistrate Judge Michael R. Merz

ADRAIN PIEDRA CORDOBA,

        Defendant.   :

## SUBSTITUTED REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant Cordoba's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 29). The Magistrate Judge's initial Report and Recommendations (ECF No. 32) was withdrawn after it had been recommitted on objections and the Government was ordered to file an answer and a date set for Defendant to file a reply of twenty-one days after answer (ECF No. 38). The Government filed its Response in Opposition (ECF No. 39) on November 21, 2016, but Defendant, although represented by counsel, has filed no reply and the time for doing so has expired.

Cordoba pleads one ground for relief: "Counsel failed to discuss fully the immigration consequences of Petitioner's plea as required by *Padilla v. Kentucky*, 559 U.S. 356 [(2010)]." (ECF No. 29). It is supported by Mr. Cordoba's Affidavit claiming that Assistant Federal Public Defender F. Arthur Mullins provided ineffective assistance of trial counsel in several ways,

1

including failure to advise Cordoba of the mandatory detention and deportation he would face if convicted. *Id.* at PageID 107.

In its Response, the United States argues the advice of counsel reflected in the plea colloquy in this case meets the requirements of *Padilla* (ECF No. 39, PageID 179, et seq.) Quoting the plea colloquy at some length, the United States points out that District Judge Rice himself advised Cordoba of the risk of deportation if he were to be convicted on his no contest plea. *Id.* at PageID 181 et seq. The Judge also confirmed that Cordoba had thoroughly discussed the case with Mr. Mullins who had not told him anything different from what Judge Rice had. *Id.* at PageID 182.

In interpreting *Padilla*, the Sixth Circuit has not required counsel to advise a client of the risk of deportation with the sort of precision Cordoba claims was necessary. In *Maiyo v. United States,* 576 Fed. Appx. 567, 2014 U.S. App. LEXIS 15651 (6th Cir. 2014), the Sixth Circuit noted that the Supreme Court in *Padilla* had said only that counsel must warn of the "risk of deportation," not that counsel can be ineffective for failing to assess the degree of risk. The Maiyo Court also pointed out that there can be no prejudice from counsel's failure to inform of the risk of deportation if the trial judge does so, which also occurred here. The Magistrate Judge appreciates the fact that *Maiyo* is not binding precedent because it is unpublished. However, Mr. Cordoba's counsel had pointed to no precedent to the contrary, binding or not.

The Response of the United States discloses another flaw in Cordoba's argument: although his conviction made Mr. Cordoba deportable, the Attorney General has discretion to waive deportability. *Avila-Anguiano v. Holder*, 689 F.3d 566, 570 (6th Cir. 2012).

**Conclusion**

On the basis of the foregoing analysis, the Magistrate Judge respectfully recommends that Mr. Cordoba's Motion to Vacate be DISMISSED WITH PREJUDICE. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

December 27, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).