IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,     :

        Plaintiff,

     v.                :     Case Nos. 3:15-cr-67, 3:16-cv-334

ADRIAN PIEDRA CORDOBA,             JUDGE WALTER H. RICE

        Defendant.      :

---

DECISION AND ENTRY ADOPTING IN PART AND REJECTING IN
PART UNITED STATES MAGISTRATE JUDGE'S SUBSTITUTED
REPORT AND RECOMMENDATIONS (DOC. #41); SUSTAINING IN
PART AND OVERRULING IN PART DEFENDANT'S OBJECTIONS
THERETO (DOC. #42); DISMISSING WITH PREJUDICE MOTION TO
VACATE, SET ASIDE OR CORRECT A SENTENCE UNDER 28 U.S.C.
§ 2255 (DOC. #29); JUDGMENT TO ENTER IN FAVOR OF PLAINTIFF
AND AGAINST DEFENDANT; DENYING CERTIFICATE OF
APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS;
LIFTING STAY OF DEPORTATION; TERMINATION ENTRY

---

Defendant Adrian Piedra Cordoba pled no contest to Possession of

Ammunition by an Illegal Alien, a violation of 18 U.S.C. § 922(g)(5)(A) and 18

U.S.C. § 924(a)(2).  After being found guilty, he was sentenced to ten months

imprisonment, to be followed by three years of supervised release if he was not

immediately deported.  Doc. #25.  This matter is currently before the Court on

Defendant's Motion to Vacate, Set Aside or Correct a Sentence, brought under 28

U.S.C. § 2255.  Doc. #29.  Citing *Padilla v. Kentucky*, 559 U.S. 356 (2010),

Defendant alleges ineffective assistance of counsel, based on counsel's alleged

failure to warn him that, if he pled no contest and was found guilty, deportation would be mandatory.  The Court has stayed Defendant's deportation pending disposition of this motion.  *See* 8/16/16 Notation Order and 12/14/16 Notation Order.

On December 27, 2016, Magistrate Judge Michael R. Merz has issued a Substituted Report and Recommendations, Doc. #41, recommending that the Court dismiss with prejudice Defendant's Motion to Vacate, and deny a certificate of appealability and leave to proceed *in forma pauperis*.[1]  Defendant has filed timely Objections to the Substituted Report and Recommendations, Doc. #42.

The Court is required to review *de novo* any portions of the Report and Recommendations to which an Objection is made.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).  For the reasons set forth below, those Objections are sustained in part and overruled in part.  Nevertheless, the Court agrees with Magistrate Judge Merz that Defendant's motion should be dismissed with prejudice.  Defendant has failed to prove that his attorney's performance was constitutionally deficient, or that there is a reasonable probability that, but for his attorney's alleged errors, Defendant would have chosen to go to trial.  *See Strickland v. Washington*, 466 U.S. 668 (1984).

In *Padilla*, the Supreme Court held that, because deportation (also known as removal) is such a harsh consequence of a criminal conviction, and is virtually

---

[1]  The original Report and Recommendations, Doc. #32, were withdrawn and Plaintiff was directed to file a Response to the Motion to Vacate.  *See* Doc. #38.

inevitable for illegal aliens convicted of certain crimes, defense counsel has a duty to advise clients regarding the risk of deportation.  Given that Padilla had pled guilty to a drug trafficking crime, his deportation was "presumptively mandatory." 559 U.S. at 369.  Nevertheless, Padilla's attorney falsely assured him that, because he had been in the country for so long, he need not worry about being deported.  The Supreme Court found that this advice constituted ineffective assistance of counsel, because the consequences of Padilla's guilty plea "could easily be determined from reading the removal statute," which stated that aliens convicted of certain drug crimes were "deportable."  559 U.S. at 368-69 (citing 8 U.S.C. § 1227(a)(2)(B)(i)).

In the instant case, Magistrate Judge Merz found that defense counsel's advice, as reflected in the plea colloquy, satisfied *Padilla*'s requirement that counsel warn of the risk of deportation.  At the hearing, Defendant acknowledged that he understood that there was "a possibility, a *probability*, that as a result of a finding of guilty, even though you've not admitted anything that you will be deported to your home in Costa Rica."  Doc. #31, PageID##130 (emphasis added). Later in the hearing, Defendant again indicated that he understood his plea could result in his deportation.  *Id.* at PageID#143.  He also indicated that no one had told him that he would *not* be deported.  *Id.* at PageID#147.  Defendant acknowledged that his attorney had not told him anything differently than the Court had.  *Id.* at PageID#145.

3

Magistrate Judge Merz rejected Defendant's argument that counsel had a duty to tell him that, if he pled guilty, deportation would be *mandatory*. Citing *Avila-Anguiano v. Holder*, 689 F.3d 566, 570 (6th Cir. 2012), the Magistrate Judge noted that, in certain cases, the Attorney General has discretion to waive deportability. Doc. #41, PageID#189. *See* 8 U.S.C. §1227(a)(1)(H). Accordingly, deportation is not necessarily mandatory.

Defendant correctly notes that, in *Padilla*, the Supreme Court expressly acknowledged the Attorney General's discretion to waive deportation in limited circumstances. 559 U.S. at 363-64 (citing 8 U.S.C. § 1229b). It nevertheless held that, because deportation is "practically inevitable," counsel has a duty to correctly advise his or her client "regarding the risk of deportation." *Id.* at 367.

In discussing Defendant's claim of ineffective assistance of counsel, Magistrate Judge Merz stated as follows:

> In interpreting *Padilla*, the Sixth Circuit has not required counsel to advise a client of the risk of deportation with the sort of precision Cordoba claims was necessary. In *Maiyo v. United States,* 576 Fed. Appx. 567, 2014 U.S. App. LEXIS 15651 (6th Cir. 2014), the Sixth Circuit noted that the Supreme Court in *Padilla* had said only that counsel must warn of the "risk of deportation," not that counsel can be ineffective for failing to assess the degree of risk. The *Maiyo* Court also pointed out that there can be no prejudice from counsel's failure to inform of the risk of deportation if the trial judge does so, which also occurred here. The Magistrate Judge appreciates the fact that *Maiyo* is not binding precedent because it is unpublished. However, Mr. Cordoba's counsel had pointed to no precedent to the contrary, binding or not.

Doc. #41, PageID#189.

4

To the extent that Magistrate Judge Merz appears to rely on *Maiyo* for the broad proposition that counsel need only warn of the *risk* of deportation, but need not ever accurately assess the *degree* of risk, Defendant properly takes issue with this statement.  In *Padilla*, the Supreme Court explained as follows:

> Immigration law can be complex, and it is a legal specialty of its own. Some members of the bar who represent clients facing criminal charges, in either state or federal court or both, may not be well versed in it. There will, therefore, undoubtedly be numerous situations in which the deportation consequences of a particular plea are unclear or uncertain. The duty of the private practitioner in such cases is more limited. When the law is not succinct and straightforward (as it is in many of the scenarios posited by Justice ALITO), a criminal defense attorney need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences. But when the deportation consequence is truly clear, as it was in this case, the duty to give correct advice is equally clear.

559 U.S. at 369 (footnote omitted).[2]  In other words, the scope of counsel's duty may change depending on how easy it is to determine the likelihood of deportation for any given client.

In *Maiyo*, the Sixth Circuit rejected the defendant's claim that counsel had a duty to tell him that deportation was "virtually assured" rather than a mere "possibility."  576 F. App'x at 568-69.  As in *Padilla*, Maiyo's statute of conviction, 18 U.S.C. § 1546 (possession of a falsely-made Social Security card), was specifically listed as a "deportable" offense.  *See* 8 U.S.C. §1227(a)(3)(B)(iii).

---

[2]  In his concurring opinion, joined by Chief Justice Roberts, Justice Alito noted that it is not always easy to determine whether a particular crime is an "aggravated felony" or a "crime involving moral turpitude," for purposes of the removal statutes.  It may also be difficult to determine whether the client is an illegal "alien."  *Padilla*, 559 U.S. at 378-80 (Alito, J., concurring).

Nevertheless, as explained at the plea colloquy, Maiyo's deportation was not a certainty.  Not only was Maiyo was married to a U.S. citizen, but the situation in his home country of Kenya could also qualify him for asylum or withholding of removal.  The Sixth Circuit held that, under these circumstances, it was enough that counsel warned defendant of the *risk* of deportation.  576 F. App'x at 570-71.

For Mr. Cordoba, deportation appears to be more of a certainty.  There is no dispute that he has been in this country illegally since 2001.  His crime of conviction, Possession of Ammunition by an Illegal Alien, 18 U.S.C. § 922(g)(5), is specifically listed as an "aggravated felony."  8 U.S.C. § 1101 (43)(E)(ii).  In turn, "aggravated felonies" are specifically listed as "deportable" offenses.  8 U.S.C. § 1227(a)(2)(A)(iii).  Unlike Mr. Maiyo, Mr. Cordoba is not married to a United States citizen and there is no indication that conditions in his home country of Costa Rica would qualify him for asylum or withholding of removal.[3]

Because the deportation consequences of Cordoba's no contest plea appear to be fairly "succinct and straightforward," his attorney had a duty, under *Padilla*, to provide "correct" advice on this topic.  559 U.S. at 369.  And he did.  He did

---

[3]  Quoting *Padilla*, 559 U.S. at 368, Defendant argues that his attorney had a duty to "'preserv[e] the possibility of' discretionary relief from deportation."  He further argues that, because there are certain "defenses to removability that can be applicable in immigration court if a plea is fashioned correctly," a defendant could unknowingly waive these defenses if not fully informed of the degree of risk of deportation. Doc. #42, PageID#193. Defendant fails to articulate, however, what "defenses" he is referring to, or what they may have to do with the facts of this particular case.

6

not tell Defendant that he need not fear deportation.  He told him that, if he pled no contest and was found guilty, he risked being deported.  As noted above, at the plea hearing, the Court reiterated that deportation was not only possible, but probable.  Cordoba expressly acknowledged that his attorney had told him no differently.  Under these circumstances, the Court agrees with Magistrate Judge Merz that counsel's performance cannot be deemed constitutionally deficient under the first prong of *Strickland*.  Accordingly, Defendant's ineffective assistance of counsel claim fails on the merits.

Defendant appears to argue that federal public defenders should be held to a higher standard than general practitioners in terms of the quality of advice given on immigration matters.  Defendant, however, offers no authority for this proposition, and the Court knows of no reason why the validity of an ineffective assistance of counsel claim should turn on the nature of counsel's representation.

For the reasons set forth above, Defendant's Objections to the Substituted Report and Recommendations, Doc. #42, are SUSTAINED IN PART and OVERRULED IN PART.  Magistrate Judge Merz may have read *Maiyo* a bit too broadly, and failed to factually distinguish it from this case.  Nevertheless, the Court agrees with Magistrate Judge Merz's conclusion that Defendant's ineffective assistance of counsel claim fails on the merits.

Accordingly, the Substituted Report and Recommendations, Doc. #41, are ADOPTED IN PART and REJECTED IN PART.  Defendant's Motion to Vacate, Set

Aside or Correct a Sentence, brought under 28 U.S.C. § 2255, Doc. #29, is

DISMISSED WITH PREJUDICE.

Judgment will be entered in favor of Plaintiff and against Defendant.  The

previously-imposed stay of deportation is hereby LIFTED.

Given that Defendant has not made a substantial showing of the denial of a

constitutional right and, further, that the Court's decision herein would not be

debatable among reasonable jurists, and because any appeal from this Court's

decision would be *objectively* frivolous, Defendant is denied a certificate of

appealability, and is denied leave to appeal *in forma pauperis*.

The captioned cases are hereby ordered terminated upon the docket records

of the United States District Court for the Southern District of Ohio, Western

Division, at Dayton.


Date: January 23, 2017

_____
WALTER H. RICE
UNITED STATES DISTRICT JUDGE